UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-62435-Civ-Cohn/Seltzer

LYNNE M. BALTHAZOR,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,
SECURITY CREDIT SERVICES, LLC,
and JOHN DOES 1 – 3

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Lynne M. Balthazor respectfully requests that the Court enter an order certifying this case to proceed as a class action. There are two classes that Plaintiff seeks to certify.

The FDCPA class is defined as: (i) all Florida residents for whom Defendant, Central Credit Services, Inc., left a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call, (ii) in an attempt to collect a debt incurred for personal, family, or household purposes, (iii) then due Security Credit Services, LLC, (iv) during the one-year period prior to the filing of the complaint in this matter through the date of class certification. Defendant's standard telephone message reads as follows and omits the required disclosure of its name, and the required disclose that it is attempting to collect a debt:

> This message is for Lynne M. Balthazor. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our

1

representatives. This message is for Lynne M. Balthazor. We have an important matter to discuss with you. This is not a solicitation.

The Security Credit TCPA class is defined as: (i) all United States residents who received any telephone call from Defendant, Central Credit Services, Inc., to said person's cellular telephone service made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (ii) on behalf of Security Credit Services, LLC, as the current creditor of the alleged debt, (iii) for which Defendants cannot produce any evidence of the class members' consent to the placement of the calls, (iv) during the four-year period prior to the filing of the complaint in this matter through the date of class certification.

In support of this motion, Plaintiff states the following:

1. Plaintiff filed this purported class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

2. The policy and practice of Defendant, Central Credit Services, Inc. is or was to leave telephone messages with residents of the state of Florida which violate the FDCPA by failing to disclose that the call is from a debt collector and/or that the call was an attempt to collect a debt, and by failing to disclose Defendant's name.

3. The policy and practice of Defendant, Central Credit Services, Inc. is or was to leave telephone messages which violate the TCPA by placing telephone calls through the use of an automatic telephone dialing system or an artificial or prerecorded voice to the person's cellular telephone service without the person's prior express consent.

4. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

5. Defendant, Central Credit Services, Inc. has stated that it left telephone messages similar to those received by Ms. Balthazor for 1,568 Florida residents regarding debts then due Security Credit Services, LLC. (See correspondence of Defendant's counsel attached as Exhibit "A").

6. Defendant, Central Credit Services, Inc. has stated that it placed telephone calls through the use of an automatic telephone dialing system or an artificial or prerecorded voice to the person's cellular telephone service for which Defendants cannot produce any evidence of the person's consent to the placement of the calls for 27,583 United States residents on behalf of Security Credit Services, LLC. (See correspondence of Defendant's counsel attached as Exhibit "A").

7. There are adequate members of both classes to justify certification: "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate..." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (quotations omitted) "A class may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982). Thus, Ms. Balthazor has satisfied the Rule 23(a)(1) requirement of numerosity.

8. There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the FDCPA class is that each was left a telephone message, similar to that left for Ms. Balthazor, which failed to disclose that the call was from a debt collector and/or that the call was an attempt to collect a debt, and failed to disclose Defendant, Central Credit Services, Inc.'s name. The factual issue common to each member of the Security Credit TCPA class is that a telephone call through the use of any automatic telephone dialing system or an artificial or

prerecorded voice was made by Defendant, Central Credit Services, Inc. to the person's cellular telephone service. The principal legal issues are whether Defendant's telephone messages and calls violate the FDCPA and/or the TCPA.

9. There are no individual issues other than identifying class members which may be accomplished through a review of Defendant's records. For the FDCPA class, all of the debts involved are consumer debts, that is, debts incurred for personal, family, or household purposes. With regard to the Security Credit TCPA class, the telephone calls were placed through the use of any automatic telephone dialing system or an artificial or prerecorded voice to the person's cellular telephone service and Defendants' have no evidence of prior express consent for Plaintiff or the class members.

10. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

11. Ms. Balthazor will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, the TCPA, and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

12. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §1692k(a)(2)(B) and §1692k(b)(2).

   b. Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the essence of Defendant's collection efforts is the deception of consumers.

      c.    The interest of class members to individually control the litigation is small because the maximum statutory damages available under the FDCPA in an individual action are $1,000.

      d.    Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

13.    The classes may also be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole.

14.    These grounds are further explained and supported by the accompanying memorandum of law.

WHEREFORE, Plaintiff, Lynne M. Balthazor, respectfully requests that the Court certify the FDCPA class and Security Credit TCPA class as class actions, appoint her as class representative, and appoint Donald A. Yarbrough as class counsel.

 

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-62435-Civ-Cohn/Seltzer

LYNNE M. BALTHAZOR,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,
SECURITY CREDIT SERVICES, LLC,
and JOHN DOES 1 – 3

    Defendants
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Donald A. Yarbrough
                                          Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Susan H. Aprill, Esq.
Fowler White Burnett P.A.
Suite 1100
One Financial Plaza, Southeast Third Avenue
Fort Lauderdale, FL 33394
Telephone: 954-377-8100
Facsimile: 954-377-8101

Via Notices of Electronic Filing generated by CM/ECF

6