UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62435-CIV-COHN/SELTZER

LYNNE M. BALTHAZOR, on behalf of herself
and others similarly situated,

    Plaintiff,

vs.

CENTRAL CREDIT SERVICES, INC.,
SECURITY CREDIT SERVICES, LLC, and
JOHN DOES 1-3,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiff Lynne Balthazor's Motion for Class Certification [DE 62] ("Motion").  The Court has carefully considered the Motion, the Memorandum of Law in Support of Plaintiff's Motion for Class Certification [DE 63] ("Mem."), Defendants' Memorandum in Opposition to Plaintiff's Motion for Class Certification [DE 70] ("Response"), Plaintiff's Reply [DE 102] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Lynne M. Balthazor ("Plaintiff") filed suit against Defendants Central Credit Services ("CCS") and Security Credit Services, LLC ("SCS") (collectively "Defendants") alleging that debt collection voice mails Defendant CCS left for Plaintiff on behalf of Defendant SCS violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  See Complaint [DE 1].  Plaintiff contended that Defendant SCS was

vicariously liable to Plaintiff for CCS's violations of the FDCPA and TCPA. Id. ¶¶ 15-16. According to Plaintiff, consumer debt she originally owed to Wells Fargo Financial was sold or transferred to Defendant SCS. Complaint ¶ 18. SCS in turn authorized CCS to telephone Plaintiff to collect this debt. Id. ¶ 12. Defendant CCS left pre-recorded messages for Plaintiff on her cellular and residential telephone to collect this debt. Id. ¶ 19. Plaintiff contended that in these messages CCS failed to inform her that it was a debt collector, failed to disclose its name, and failed to disclose that the purpose of the message was to collect a debt in violation of the FDCPA, 15 U.S.C. § 1692(d)(6). Id. ¶¶ 22, 33. Additionally, Plaintiff alleged that CCS used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Id. ¶¶ 24, 35. Plaintiff purported to bring both claims on behalf of various classes. Id. ¶¶ 37-40.

On October 18, 2011, the Court entered an order denying Plaintiff's motion for partial summary judgment, granting Defendants' motion for summary judgment as to Plaintiff's FDCPA claim, dismissing Plaintiff's TCPA claim as to SCS, declining to exercise supplemental jurisdiction as to Plaintiff's TCPA claim as to CCS, and denying as moot Plaintiff's motion for class certification. See DE 116 ("October 18, 2011 Order"). On November 18, 2011, Plaintiff appealed only the Court's dismissal of her TCPA claim against CCS for lack of subject matter jurisdiction. Notice of Appeal [DE 118]. On May 31, 2012, the Eleventh Circuit Court of Appeals issued its mandate which remanded Plaintiff's TCPA claim against CCS to this Court based on the Supreme Court's decision in Mims v. Arrow Fin. Servs., LLC, – U.S. – , 132 S. Ct. 740

(2012). Mandate [DE 137].[1] Based on the Mandate, the sole claim remaining before this Court is Plaintiff's TCPA claim against CCS. Also pending before the Court is Plaintiff's motion for class certification as to the Security Credit TCPA class. Motion at 2. The Court will address the motion for class certification below and the cross motions for summary judgment in a separate order.

## II. DISCUSSION

### A. Legal Standard For Class Certification

Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides in pertinent part:

> (a) **Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) **Types of Class Actions**. A class action may be maintained if Rule 23(a) is satisfied and if:
> . . .
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. An action may be maintained as a class action only if all four

---

[1] <u>Mims</u> was decided on January 18, 2012, well after the Court's October 18, 2011 Order.

prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met. Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).

In deciding whether to certify a class, a district court has broad discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992). Although a district court is not to determine the merits of a case at the certification stage, sometimes "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. at 1570 n.11. A class action may be certified only if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th Cir. 1984). The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action. Heaven, 118 F.3d at 737 (citing Gilchrist, 733 F.2d at 1556; Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1038 (5th Cir. 1981)).

### B. Whether Plaintiff is Entitled to Class Certification of Her TCPA Claim.

Plaintiff moves the Court to certify a TCPA class comprised of: (i) all United States residents who received any telephone call from Defendant CCS to their cellular telephone through the use of any automatic telephone dialing system or an artificial or prerecorded voice; (ii) on behalf of SCS; (iii) for which Defendants cannot produce any evidence of the class members' consent to the placement of the calls; (iv) during the four year period prior to the filing of the Complaint through the date of class certification. Mem. at 2. Plaintiff contends that CCS violated the TCPA by placing telephone calls to the cellular telephone of Plaintiff and class members via an automatic telephone dialing

system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  Id. at 4.  Plaintiff argues that the proposed class meets Rule 23(a)(1)'s numerosity requirement because the proposed TCPA class includes 27,583 persons.  Id. at 6.  Plaintiff also contends that she has satisfied the commonality requirement of Rule 23(a)(2) because each member of the class received a telephone call to his or her cellular telephone from CCS through an automatic dialing system or artificial or prerecorded voice and CCS has no evidence of prior express consent from the Plaintiff or the class members.  Id. at 8-9.  Typicality under Rule 23(a)(3) has also been satisfied, according to Plaintiff, because each of the class members was subjected to the same TCPA violation as Plaintiff.  Id. at 10.  Plaintiff also argues that the adequacy of representation requirements of Rule 23(a)(4) has been satisfied because Plaintiff understands her responsibility as class representative, her counsel has handled several hundred TCPA cases, and the Plaintiff's claims are identical to those of the class members.  Id. at 10-11.  Finally, Plaintiff argues that she has satisfied Rule 23(b)(3) which requires that questions of law or fact common to all class members predominate because "all questions of law or fact are common."  Id. at 12.

      CCS does not dispute that Plaintiff would be able to satisfy the numerosity requirement.  Response at 5.  However, CCS contends that Plaintiff "cannot satisfy the commonality and typicality requirements because the fundamental legal and factual issues surrounding her claims do not share the same factual situations of claims of the putative nationwide . . . class members that Plaintiff purports to represent."  Id.  Specifically, CCS argues that Plaintiff's claims are not typical or common with consumers who did not consent for their cell phones to be called.  Id. at 6.  CCS also

5

argues that Plaintiff is not an adequate class representative because she has a faulty memory and has "effectively turned over full responsibility for the creation and management of her new status as a perennial plaintiff to her counsel." Id. at 7. Additionally, CCS contends that Plaintiff's counsel is inadequate class counsel because he is a solo practitioner with more than 300 active cases in the Southern District of Florida alone. Id. at 8. CCS also argues that Plaintiff cannot meet Rule 23(b)(3)'s predominance requirement because the issue of prior express consent is a "highly individualized fact," id. at 13, and the superiority requirement is likewise not satisfied because "[t]he Court would have to engage in a case-by-case determination of the amount of damages to be awarded to each individual class member." Id. at 15. Finally, CCS contends that it would be inappropriate to certify a class under Rule 23(b)(2) because "monetary relief predominates." Id. at 18. For the reasons discussed below, the Court concludes that Plaintiff has failed to establish that class certification is appropriate for her TCPA claim.

      Because the parties do not dispute that Plaintiff satisfies Rule 23(a)(1)'s numerosity requirement, the Court does not address this issue. Instead, the Court first turns to whether Plaintiff has established Rule 23(a)(2)'s commonality requirement and Rule 23(b)(3)'s predominance requirement. In Hicks v. Client Services, Inc., Judge Dimitrouleas considered whether a plaintiff was entitled to certification of a TCPA class. No. 07-61822-CIV, 2008 WL 5479111, at *7 (S.D. Fla. Dec. 11, 2008). The Court held that certification of the TCPA class would be improper under Rule 23(a)(2) and 23(b)(3) because "consent is an issue that would have to be determined on an individual basis

6

at trial." Id. at *8.[2]  Similarly, in Gene & Gene, LLC v. BioPay, LLC, the Fifth Circuit reversed a district court's certification of a TCPA class action because the plaintiff had failed to establish that the issue of consent could be established via class wide proof. 541 F.3d 318, 329 (5th Cir. 2008).  The court held that the plaintiff had failed to meet its burden of demonstrating facts or argument which indicated that the issue of consent would not dissolve into a series of mini trials.  Id.; see also Conrad v. Gen. Motors Acceptance Corp., 283 F.R.D. 326, 330 (N.D. Tex. 2012) (denying motion to certify TCPA class because "the consent issue would necessitate individual inquiries regarding each putative classmember's account and the circumstances surrounding each call or contact. Additionally, because this individual issue has the potential to separate classmembers from each other, the class lacks the cohesiveness necessary for the Court to certify a class under Rule 23(b)(2).").

The Court finds the reasoning of Hicks and Gene & Gene, LLC persuasive. Resolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone.[3]  The Court rejects Plaintiff's argument that consent is

---

[2] The Court stated that it was irrelevant whether the defendant or the plaintiff had the burden of demonstrating consent (or lack thereof).  Hicks, 2008 WL 547911, at *8.  Interestingly, Plaintiff cited Hicks in her memorandum for the proposition that class certification was appropriate for her now dismissed FDCPA claim, describing it as "an almost identical case," but was silent as to the fact that the Court rejected certification of the TCPA class.  See Mem. at 10.

[3] Indeed, Plaintiff's rambling explanation, without citation to any record authority, in her Reply of why she did not provide express consent for the calls she received to her cellular telephone, is a prime example of why consent is such an individualized issue.  See Reply at 2-3; 5-6.

not an obstacle to class certification.  See Mem. at 14.  Plaintiff argues that consent is not an obstacle to class certification because a 2008 Federal Communications Commission ("FCC") Declaratory Ruling 07-232 (2008 FCC Order")[4] which provides that if a customer provides his cellular telephone number to an original creditor, he has consented to calls from the original creditor's debt collector is invalid under Chevron, U.S.A., Inc. V. National Resources Defense Council, 467 U.S. 837, 844 (1984), because it "impermissibly amends the TCPA to provide an exception for 'prior express or implied consent' and flies in the face of Congress' intent."  Id.  Plaintiff also argues that even if the 2008 FCC Order applies, it is not an "individualized issue" which precludes class certification because "Defendant has not produced any evidence of consent for the Security Credit TCPA class."  Id.  The Court declines to reach the merits of Plaintiff's bare bones argument that the 2008 FCC Order "impermissibly amends the TCPA" and is unreasonable under Chevron.  See id. [5]  Plaintiff fails to cite any authority

---

[4]      The 2008 FCC Order, adopted on January 4, 2008, provides that "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party."  In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 564 (F.C.C. Jan. 4, 2008).  The Order also states that "[c]alls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."  Id. at 565.

[5]      Although the Eleventh Circuit has not addressed whether the 2008 FCC Order is entitled to deference, the Court notes that courts in other circuits have found that it is.  See Moore v. Firstsource Advantage, LLC, No. 07–CV–770, 2011 WL 4345703, at *10 n.10 (W.D.N.Y. Sept. 15, 2011) ("The FCC's declaratory ruling is a 'final order' entitled to precedential effect in this Court."); see also Leckler v. Cashcall, Inc., No. C 07-04002 SI, 2008 WL 5000528, at *2-3 (N.D. Cal. Nov.21, 2008) (under 28 U.S.C. § 2342, the federal courts of appeal have exclusive jurisdiction over appeals of final orders by the FCC, including Declaratory Ruling 07–232).

for her argument that Congress did not intend to allow provision of a telephone number to an original creditor to act as express consent to call from a debt collector.  See Reply at 3-5.  Indeed, the only case that Plaintiff cites for the proposition that the 2008 FCC Order is overbroad, Leckler v. Cashcall, Inc., 554 F. Supp. 2d 1025, 1033 (N.D. Cal. 2008), was later vacated.

Moreover, Courts within this district have routinely cited to and relied upon the 2008 FCC Order.  See, e.g., Osorio v. State Farm Bank, F.S.B., 859 F. Supp. 2d 1326, 1329 (S.D. Fla. 2012); Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1318 (S.D. Fla. 2012); Cavero v. Franklin Collection Serv. Inc., No. 11–22630–CIV, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012); Hicks, 2008 Wl 5479111, at *5.  Plaintiff's citation of Miller v. F.C.C., 66 F.3d 1140 (11th Cir. 1995), for the proposition that the 2008 FCC order is non-binding in the Eleventh Circuit is highly misleading.  In Miller, the Eleventh Circuit merely held that it could not review an FCC declaratory ruling because the plaintiffs had failed to present an actual case or controversy.  66 F.3d at 1146.  The court's statement that "it is axiomatic that Congress has not delegated, and could not delegate, the power to any agency to oust state courts and federal district courts of subject matter jurisdiction" is purely dicta and did not impact the court's resolution of the matter.  Id. at 1144.  Accordingly, the Court declines to construe this case to hold that the 2008 FCC order is "nonbinding in the Eleventh Circuit," as Plaintiff requests.  See Mem. at 14; Reply at 5.  Turning to Plaintiff's argument that consent is not an issue because "Defendant has not produced any evidence of consent," while it is true that

CCS will ultimately bear the burden of establishing prior express consent, at the class certification stage, the burden is on the Plaintiff to establish the Rule 23 factors. See Gene & Gene, LLC, 541 F.3d at 329 ("To be sure, the burden is on [the plaintiff] Gene to show that the requirements for class certification are satisfied."). The Court finds that at trial, the consent of each purported class member would be at issue. Plaintiff has failed to articulate why consent would not be an individualized issue.

Finally, in a notice of supplemental authority filed on October 15, 2012 [DE 143], Plaintiff directed the Court to Meyer v. Portfolio Recovery Associates, LLC, 696 F.3d 943 (9th Cir. 2012), a recent Ninth Circuit Court of Appeals decision, where the appellate court found that a district court did not abuse its discretion in certifying a TCPA class. 696 F.3d at 948. In Meyer, the defendant argued that class certification was inappropriate because "some debtors might have agreed to be contacted at any telephone number, even telephone numbers obtained after the original transaction." 696 F.3d at 948. The Ninth Circuit held that this was a non-issue pursuant to an FCC ruling which provides that "consumers who provided their cellular telephone numbers to creditors after the time of the original transaction are not deemed to have consented to be contacted at those numbers for purposes of the TCPA." Id. Thus, because the Ninth Circuit did not address the broader issue of whether individualized issues of consent generally preclude class certification, this case does not persuade the Court that Plaintiff is entitled to class certification.

Because the Court concludes that Plaintiff has failed to establish commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3), the Court declines to reach the remaining Rule 23 factors and will deny the Motion. The Court will also deny

10

Plaintiff's motion to certify a class under Rule 23(b)(2) for failure to establish commonality because consent is an individualized issue.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff Lynne Balthazor's Motion for Class Certification [DE 62] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of December, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.